IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY REX,** | : | CIVIL ACTION NO. 1:10-CV-2371 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **TIMBAR PACKAGING & DISPLAY,** | : | |
| Defendant / Third-Party Plaintiff | : | |
| v. | : | |
| **DIANA T. CLARKE, DPM, and KEYSTONE PODIATRIC MEDICAL ASSOCIATES, P.C.,** | : | |
| Third-Party Defendants | : | |

## ORDER

AND NOW, this 9th day of August, 2011, upon consideration of the motion (Doc. 15) for summary judgment, filed by third-party defendants Diana T. Clark, DPM and Keystone Podiatric Medical Associates, P.C. (collectively "third-party defendants"), wherein third-party defendants seek summary judgment against third-party plaintiff TimBar Packaging & Display ("TimBar") on its claim that they are solely liable to plaintiff Rex as a result of professional negligence,[1] and it appearing that the third party complaint's (Doc. 9) professional negligence claim is

---

[1] The third-party complaint alleges that third-party defendants failed to follow the industry standard of care. (Doc. 9 ¶¶ 9, 20-21).

governed by the laws of Pennsylvania,[2] and the court finding that, under Pennsylvania law, TimBar has failed to come forward with sufficient evidence to sustain a judgment in its favor on the professional negligence claim,[3] see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986) ("[W]hen a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'"), and the court concluding that

---

[2] The Erie doctrine requires federal courts to apply state law when diversity of citizenship is the sole basis for federal jurisdiction. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). Although not expressly stated in Erie, the same principle applies when a federal court has supplemental jurisdiction under 28 U.S.C. § 1367, as in the instant case. Northview Motors, Inc. v. Chrysler Motors Corp., 227 F.3d 78, 92 n. 7 (3d Cir. 2000) ("After all, regardless of the source of its jurisdiction, the principle is valid because a federal court is applying state law."). Accordingly, Pa. R. C. P. 1042.3 applies to TimBar's claim. See Perez v. Griffin, No. 1:06-CV-1468, 2008 WL 2383072 at *3 (concluding that Pa. R. C. P. 1042.3 is "a rule of substantive state law" which federal courts must apply); see also Abdulhay v. Bethlehem Arts, L.P., No. 03-CV-04347, 2005 WL 2416012, *4-7 (E.D. Pa. Sept. 28, 2005).

[3] The Pennsylvania Supreme Court has held that a certificate of merit with an expert's statement is required to state a *prima facie* cause of action for medical malpractice. Hightower-Warren v. Silk, 698 A.2d 52, 54 n. 1 (Pa. 1997); Pa. R. C. P. 1042.3(1). The Hightower-Warren court acknowledged an exception to this requirement, but only for cases "where the matter is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons." Id. (citing Jones v. Harrisburg Polyclinic Hospital, 437 A.2d 1134, 1137 (1981)).

In the instant case, TimBar filed certificates of merit asserting that expert testimony would not be necessary for prosecution of its claims against the third-party defendants. (See Docs. 13-14). The court finds, however, that the instant case does not fall under the exception, and according to the standards established by the Pennsylvania Supreme Court, an expert's statement is required. The medical issues in the instant case are complex, not simple, and they are not within the "experience and comprehension of even non-professional persons." Thus, in the absence of expert testimony, TimBar has failed to state a *prima facie* case of medical malpractice.

there are no genuine disputes of material fact with respect to the claim at issue,[4] and that, for the reasons discussed above, third-party defendants are entitled to judgment as a matter of law, it is hereby ORDERED that:

1. The motion (Doc. 15) for summary judgment is GRANTED.

2. The Clerk of Court is directed to defer the entry of judgment until the resolution of all claims in the above-captioned case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[4] The court notes that TimBar and plaintiff Terry Rex concur in the motion (Doc. 15) for summary judgment.