# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERRY REX**, | : CIVIL ACTION NO. 1:10–CV–2371 |
| Plaintiff, | : |
| | : **(Judge Conner)** |
| v. | : |
| | : |
| **TIMBAR PACKAGING & DISPLAY**, | : |
| Defendant, | : |
| | : |
| v. | : |
| | : |
| **DIANA T. CLARKE, DPM, AND KEYSTONE PODIATRIC MEDICAL ASSOCIATES**, | : |
| Third Party Defendants | : |

## <u>ORDER</u>

AND NOW, this 17th day of October, 2012, upon consideration of the Report and Recommendation of United States Magistrate Judge Mildred E. Methvin (Doc. 39), recommending that defendant Timbar Packaging & Display's motion for summary judgment (Doc. 18) be granted, and, following an independent review of the record and noting that plaintiff Terry Rex ("Rex," or "plaintiff") filed objections[1] to the report on April 2,, 2012 (Doc. 40), and the court finding Judge Methvin's analysis to be thorough and well-reasoned, and the court further finding Rex's

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. See Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c). Pursuant to the local rules, parties may object to a magistrate judge's proposed findings and recommendations by specifically identifying the portions of the Report and Recommendation that are objected to, and the grounds for such objections. See Local Rule 72.3.

objections to be without merit and squarely addressed by Judge Methvin's report,[2]

---

[2] To establish a *prima facie* disparate treatment claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), a plaintiff must show: "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." Shaner v. Synthes, 204 F.3d 494, 500 (3d Cir. 2000) (quoting Gaul v. Lucent Techs., Inc., 134 F.3d 576, 580 (3d Cir. 1998)). A "reasonable accommodation" may include, *inter alia*, such measures as a part-time or modified work schedule, see 42 U.S.C. § 12111(9)(B), and must be "specific," Donahue v. Consolidated Rail Corp., 224 F.3d 226, 232 (3d Cir. 2000) (internal quotation and citation omitted). Once a plaintiff establishes a *prima facie* case under the ADA, the burden shifts to the employer to prove that the requested accommodation is unreasonable or would cause an "undue hardship" on the employer. Donahue, 224 F.3d at 229 (internal quotation and citation omitted).

Judge Methvin recommended that summary judgment be granted in defendant's favor on the grounds that Rex has failed to establish that he can perform the essential functions of his position with or without reasonable accommodation, and hence he has failed to establish the second prong of a *prima facie* case under the ADA. Specifically, Judge Methvin found that the only accommodation that Rex identified was an open-ended leave of absence, an accommodation unreasonable under the circumstances. See, e.g., Conoshenti v. Public Serv. Elec. & Gas Co., 364 F.3d 135, 151 (3d Cir. 2004) (noting that a leave of absence may be a reasonable accommodation only if it "would enable the employee to perform his essential job functions in the near future"); Reifer v. Colonial Intermediate Unit 20, 462 F. Supp. 2d 621, 636 (M.D. Pa. 2006) ("It is utterly unreasonable and not within the mandate of the ADA to expect an employer to accommodate an employee with an indefinite leave of absence."). Rex's inability to identify with specificity when he could return to work means that he failed to establish a *prima facie* case.

Rex raises four objections to Judge Methvin's Report and Recommendation. First, Rex argues that the R&R "ignore[d] critical material facts" regarding Rex's termination; second, that it failed to consider Rex's "disparate treatment" argument; third, that it failed to discuss defendant's "discriminatory policy" requiring non-work related disabled persons to be released to "full duty" with "no restrictions;" and finally, that Judge Methvin erred in finding that Rex was not a qualified individual with a disability. These objections are each without merit.

Contrary to Rex's first, third, and fourth objections (each of which reaches essentially the same issue, namely, whether Rex identified a reasonable accommodation and was therefore a qualified individual), the record evidence makes clear that Rex was unable to specify when he may be able to return. Plaintiff

2

it is hereby ORDERED that:

    1.    Judge Methvin's Report and Recommendation is hereby ADOPTED.

    2.    The motion for summary judgment filed by Timbar Packaging and Display (Doc. 18) is GRANTED.

---

has reproduced in his brief a long excerpt of Rex's deposition, in an attempt to manufacture a factual dispute about whether Rex had identified a point in time when he may return to work. Rex's argument, however, is belied by the transcript, and these representative passages:
> Q: Okay. So you had this discussion with Sherry [Taylor, Human Resources Director]. Is it true, sir, that you told Sherry that you had this convalescing period and then you had physical therapy to do and you didn't know when you could come back?
> A: I might have, yes.

(Dep. of Terry Rex, Doc. 19 at 17-18)
> Q: Okay. So all you recall is that you and Sherry had a conversation, you told her you didn't know when you could return, and then you got a letter in the mail that said you were terminated?
> A: Yes.

(Id. at 18). Notwithstanding Rex's arguments to the contrary, the deposition makes clear that, prior to his termination, Rex was unable to identify with any specificity what accommodations, if any, would allow him return to work. Judge Methvin was therefore correct in recommending that summary judgment be granted on the grounds that Rex is not a qualified individual under the ADA.

    Rex's second objection focuses upon defendant's policy of allowing a one-year leave of absence for certain work related injuries. Rex contends that this workers compensation policy *ipso facto* demonstrates the inherent reasonableness of an extended leave in other circumstances. The court disagrees. The mere fact that an employer allows workplace modifications in some circumstances does not establish the modification as reasonable in all circumstances. See Walton v. Mental Health Assoc. of Southeastern Pa., 168 F.3d 661, 671 (3d Cir. 1999); see also Holbrook v. Alpharetta, 112 F.3d 1522, 1528 (11th Cir. 1997); Meyers v. Conshohocken Catholic, No. Civ. A. 03-4693, 2004 WL 3037945, at *8 (E.D. Pa. 2004) ("An employer's policies that exceed the requirements of the ADA do not set the standard of reasonable accommodation nor do they demonstrate that an employer has conceded the reasonableness of such accommodations."). Moreover, this argument does not overcome Rex's failure to specify a reasonable accommodation that would allow him to return to work, and hence, this objection does not render Judge Methvin's analysis incorrect.

3. The Clerk of Court is directed to enter judgment in defendant's favor.

4. The Clerk of Court is directed to CLOSE the case.

                                                              S/ Christopher C. Conner
                                                              CHRISTOPHER C. CONNER
                                                              United States District Judge